Jones, J.
The sole question in this case is whether the testimony, on behalf of plaintiff below, giving it the most favorable phase, was sufficient to establish liability upon the part of the husband for the tortious act of his wife upon this occasion. The trial court recognized that the relation of principal and agent or master and servant must have *110 existed between the husband and wife before the former could be charged with the latter’s negligence, and that the defendant’s mere ownership was not sufficient to create liability for his wife’s negligence.
As an abstract proposition of law the charge was not erroneous. Did the testimony, however, establish any agency relation between them, or tend to show that the act of the wife in taking the husband’s automobile upon this occasion was performed either in the scope of the wife’s employment or in conducting what is called the husband’s business or affairs, as charged by the court? At common law, unquestionably, the husband was liable for acts of this character committed by his wife. This principle was then established because of the servitude of marriage, whereby the husband not only possessed control over her person and acts, but, upon coverture, became entitled to her goods and chattels, and had the absolute right to reduce her choses in action to possession during her life. The wife’s existence was merged in that of her husband, and in actions against herself her husband was required to be joined. However, in the development of our statute law, this principle of liability upon the part of the husband was abrogated by the adoption in various states of certain statutes granting the wife the freedom of contract, the right to acquire and dispose of real and personal property, and providing that neither husband nor wife should be liable for the tortious acts of the other because of the marital relationship. In our own state the statute provides: “Neither husband *111 nor wife, as such, is answerable for the acts of the other.” Section 8002, General Code.
In Elms v. Flick, 100 Ohio St., 186, there was an attempt to fasten liability upon the father, who owned the automobile, because of its negligent operation by an adult son. It was there held that the fact of relationship did not give rise to liability upon the part of the father, but that the basis of liability in such action rested upon the principle of respondeat superior.
So it may be stated in this case that the court properly charged that the fact of marital relationship could not be availed of to entail liability upon the husband for the negligent acts of the wife. The'case Of White Oak Coal Co. v. Rivoux, Admx., 88 Ohio St., 18, announces the well-known legal principle that an owner of an automobile is not liable for the negligence of his employe unless it is proven that the latter was, at the time, engaged upon his employer’s business, and that the fact that the automobile is owned by the employer and was negligently operated by his employe does not make a prima facie case against the owner.
Under the foregoing principles of agency, established in this state, can it be said that the plaintiff has proven every fact vital to her recovery? The court of appeals in reviewing the case conceded that the case was not free from doubt. It is indisputable that the plaintiff in order to recover must prove that there existed between the husband and wife the relation of principal and agent or- master and servant, and that at the time of the negligent operation of the car the wife was engaged in the *112 iurtherance of the husband’s business or in the execution of the husband’s orders. Was there any proof tending to show that the wife was engaged in either? It is true that the husband furnished the car for the use of the family and permitted his wife to use it for her own pleasure and recreation whenever she saw fit; sfie also had the privilege of taking the three-year-old child with her whenever she so desired; but in taking the car upon the occasion in question, and while her husband was absent from the city, there is not the slightest tendency to show that the automobile was used either in her husband’s business or in the execution of his orders. She was acting upon her own initiative and not upon his. There can be no possible liability attaching to the husband unless it be assumed that such liability arose because of the fact that she was taking this small child with her for religious training. Even if this be so, this privilege was also exercised upon her own motion and not upon his. There was no legal obligation upon the part of the husband to send the child to the Catholic or any other church. There was a moral obligation upon his part to do so when the child arrived at an age of understanding, but that obligation likewise existed upon the part of the mother; and if in the exercise of her moral obligation she took the child to church she was simply carrying out her own religious duty and was in no sense acting either in the execution of her husband’s orders or in the furtherance of his business.
A wife, like another, may sustain the relation of agent to her husband. This relationship may be *113 shown by express creation or implied from proof of conduct and circumstances reasonably creating the agency. But when, by permission of her husband, the wife is allowed to use his automobile for her own purposes, proof that the car was his, that she was his wife, and that she took her child with her to religious services, • does not, ipso facto, make the husband liable as her principal.
In any aspect of the case we are unable to see how the evidence of the plaintiff tended to create the relation of principal and agent between husband and wife. The trial court should have sustained the motion of defendant at the close of plaintiff’s evidence.
The judgments of the lower courts are reversed, and, proceeding to render the judgment the trial court should have rendered, judgment is hereby rendered in favor of the plaintiff in error.

Judgments reversed, and judgment for plaintiff in error.

Marshall, C. J., Johnson, Hough, Robinson and Matthias, JJ., concur.